Douglas Q. Hahn (SBN 257559)
dhahn@sycr.com
Jared A. Veliz (SBN 276191)
jveliz@sycr.com
STRADLING YOCCA CARLSON & RAUTH, P.C.
660 Newport Center Drive, # 1600, Newport Beach, CA 92660
Tel.: (949) 725-4000 | Fax: (949) 725-4100

Demetrios Anaipakos (Will seek admission *pro hac vice*)
danaipakos@azalaw.com
Amir Alavi (Will seek admission *pro hac vice*)
aalavi@azalaw.com
Alisa A. Lipski (SBN 278710)
alipski@azalaw.com
Brian E. Simmons (Will seek admission *pro hac vice*)
bsimmons@azalaw.com
AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.
1221 McKinney, Ste. 3460, Houston, TX 77010
Tel.: (713) 655-1101 | Fax: (713) 655-0062

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERICAN VEHICULAR SCIENCES LLC, a Texas Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC., a California corporation, AUTOLIV, INC., a Delaware corporation; AUTOLIV ASP, INC., an Indiana corporation; NIHON PLAST CO., LTD., a Japanese company; NEATON AUTO PRODUCTS MANUFACTURING INC., an Ohio corporation; TAKATA CORPORATION, a Japanese company; TK HOLDINGS INC., a Delaware corporation; TOYODA GOSEI CO., LTD., a Japanese company; and TOYODA GOSEI NORTH AMERICA CORP., a Michigan corporation,<br><br>Defendants. | CASE NO. 8:15-cv-01392-AG-DFM<br><br>**AMERICAN VEHICULAR SCIENCES LLC'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY DEMAND** |

Plaintiff American Vehicular Sciences LLC, ("AVS" or "Plaintiff") hereby submits this First Amended Complaint against Defendants American Honda Motor Co., Inc. ("Honda"); Autoliv, Inc. and Autoliv ASP, Inc. (collectively "Autoliv"); Nihon Plast Co., Ltd. and Neaton Auto Products Manufacturing Inc. (collectively "Nihon Plast"); Takata Corporation and TK Holdings Inc. (collectively "Takata"); and Toyoda Gosei Co., Ltd. and Toyoda Gosei North America Corp. (collectively "Toyoda Gosei") and states as follows:

## THE PARTIES

1. AVS is a Texas limited liability company, having a principal place of business at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

2. On information and belief, Defendant American Honda Motor Co., Inc. ("Honda") is a California corporation with a place of business at 1919 Torrance Blvd., Torrance, California 90501. Honda is a wholly owned subsidiary of Honda Motor Co., Ltd., a Japanese corporation. On information and belief, Honda is responsible for distribution, marketing and sales of Honda and Acura branded automobiles in the United States.

3. On information and belief, Defendant Autoliv, Inc. is a Delaware corporation. Autoliv, Inc.'s headquarters is located at Vasagatan 11, 7th Floor, SE-111 20, Box 70381, SE-107 24 Stockholm, Sweden, but on information and belief it has a regular and established place of business at 3350 Airport Rd., Ogden, UT 84405.

4. On information and belief, Defendant Autoliv ASP, Inc. is an Indiana corporation with a regular and established place of business at 3350 Airport Rd., Ogden, UT 84405. On information and belief Autoliv ASP, Inc. is wholly-owned by Autoliv, Inc.

5. On information and belief, Defendant Nihon Plast Co., Ltd. is a Japanese company with a principal place of business located at 3507-15 Yamamiya, Fujinomiya-shi, Shizuoka 418-0111, Japan.

6. On information and belief, Defendant Neaton Auto Products Manufacturing Inc. is an Ohio corporation with a principal place of business located at 975 South Franklin Street, Eaton, Ohio 45320. On information and belief, Neaton Auto Products Manufacturing Inc. is wholly-owned by Nihon Plast Co., Ltd.

7. On information and belief, Defendant Takata Corporation is a Japanese company with a principal place of business located at ARK Hills South Tower, 4-5 Roppongi 1-Chome, Minato-ku, Tokyo, 106-8488, Japan.

8. On information and belief, Defendant TK Holdings Inc. is a Delaware corporation with a principal place of business located at 2500 Takata Drive, Auburn Hills, MI 48326. On information and belief, TK Holdings Inc. has a sales office located at 21250 Hawthorne Blvd, Suite 500, Office 37, Torrance, CA 90503. On information and belief, TK Holdings Inc. is a subsidiary and/or operational unit of Takata Corporation.

9. On information and belief, Defendant Toyoda Gosei Co., Ltd. is a Japanese company with a principal place of business located at 1 Haruhinagahata, Kiyosu, Aichi, 452-8564, Japan.

10. On information and belief, Defendant Toyoda Gosei North America Corp. is a Michigan corporation with a principal place of business located at 1400 Stephenson Hwy, Troy, MI 48083. On information and belief, Toyoda Gosei North America Corp. is a subsidiary and/or operational unit of Toyoda Gosei Co., Ltd.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 101 et seq.

12. This Court has personal jurisdiction over Defendant Honda due to its systematic and continuous contacts within this state. Among other things, on

information and belief, Honda, either directly or through intermediaries, regularly sells products and services into this judicial district and specifically, Orange County, and manufactures products intended to be sold and in fact sold into and within this judicial district and specifically, Orange County. Additionally, on information and belief, this Court has personal jurisdiction over Honda because Honda has committed and/or participated in the commission of acts within this judicial district and specifically, Orange County, giving rise to this action. Honda has sold and offered to sell infringing Honda and Acura branded automobiles through authorized dealers located in this state and this judicial district and specifically, Orange County.

13. In particular, Honda, which is responsible for distribution, marketing and sales of Honda and Acura branded automobiles in the United States, is a California corporation that is located in Torrance, California within this judicial district.

14. This Court has jurisdiction over each of the Autoliv, Nihon Plast, Takata, and Toyoda Gosei Defendants due to their systematic and continuous contacts with this state. Each of the Autoliv, Nihon Plast, Takata, and Toyoda Gosei Defendants is in the business of designing, manufacturing, assembling, testing, promoting, advertising, distributing, and selling vehicle restraint systems to various automakers, including Honda, including the side-curtain airbags incorporated and used by Honda in the infringing Honda and Acura branded automobiles. On information and belief, each of the Autoliv, Nihon Plast, Takata, and Toyoda Gosei Defendants offers to sell and sells side-curtain airbags to Defendant Honda, which operates its principal place of business in the United States within this judicial district and resells the infringing Honda and Acura branded automobiles, containing the side-curtain airbags, through authorized dealers located throughout the United States, including in this state and this judicial district and specifically, Orange County.

15. Infringement in this case relates to the presence of side-curtain airbags in the Honda and Acura branded automobiles. Each of the Autoliv, Nihon Plast, Takata, and Toyoda Gosei Defendants knew, if not intended, that the accused Honda and Acura branded automobiles would be sold in this state and this judicial district and specifically, Orange County. As such, each of the Autoliv, Nihon Plast, Takata, and Toyoda Gosei Defendants could reasonably foresee being brought before a Court in this judicial district, and specifically, Orange County, with respect to activities related to the side-curtain airbags.

16. Venue is proper in this federal district pursuant to 28 U.S.C. §§1391(b)-(d) and 1400(b). A substantial part of the events or omissions giving rise to this action have occurred in this judicial district and specifically, Orange County. Infringement has occurred in this judicial district and specifically, Orange County, and will continue to occur in this judicial district and specifically, Orange County. Defendant Honda, whose Honda and Acura branded automobiles are accused of infringement, has a regular and established place of business in this judicial district. All of the Defendants are subject to personal jurisdiction in this judicial district and specifically, Orange County.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 9,043,093**

17. On May 26, 2015, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 9,043,093 ("the '093 Patent"), entitled "Single Side-Curtain Airbag For Vehicles." David S. Breed is the named inventor of the '093 Patent. AVS owns the '093 Patent and holds the rights to sue and recover damages for infringement thereof.

18. Upon information and belief, Honda has infringed directly and continues to infringe directly the '093 Patent in the state of California, in this judicial district, and elsewhere within the United States. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the ' 093 Patent.

Honda's infringement of the '093 Patent relates to the presence in its vehicles of side-curtain airbags within the scope of the claims of the '093 Patent.

19. On information and belief, the scope of infringement includes, but is not necessarily limited to, at least the following vehicle models: 2015 Honda Accord Coupe, 2015 Honda Accord Sedan, 2014 Honda Accord Plug-In, 2015 Honda Accord Hybrid, 2015 Honda Civic Coupe, 2015 Honda Civic Hybrid, 2015 Honda Civic HF, 2015 Honda Civic Natural Gas, 2015 Honda Civic Sedan, 2015 Honda Civic Si Coupe, 2015 Honda Civic Si Sedan, 2015 Honda Crosstour, 2015 Honda CR-V, 2016 Honda Fit, 2016 Honda HR-V, 2014 Honda Insight Hybrid, 2015 Honda Odyssey, 2015 and 2016 Honda Pilot, 2015 and 2016 Acura ILX, 2015 TLX, 2015 and 2016 Acura RLX, 2015 and 2016 Acura RDX, and 2015 and 2016 Acura MDX.

20. On information and belief, each of the Autoliv, Nihon Plast, Takata, and Toyoda Gosei Defendants has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the claims of the '093 Patent in the state of California, in this judicial district, and specifically, Orange County, and elsewhere within the United States by selling, offering for sale, and/or importing the side-curtain airbags used in the accused Honda and Acura branded automobiles. In the case of such indirect infringement, the direct infringer of the '093 Patent is at least Honda. Each of the Autoliv, Nihon Plast, Takata, and Toyoda Gosei Defendants advertises and promotes its side-curtain airbags on its websites and in other means of advertising. On information and belief, each of the Autoliv, Nihon Plast, Takata, and Toyoda Gosei Defendants also engages in direct sales activities with Honda. Each of the Autoliv, Nihon Plast, Takata, and Toyoda Gosei Defendants provides, makes, sells, and offers for sale side-curtain airbags with the specific intention that Honda uses the side-curtain airbags in Honda and Acura branded automobiles. The side-curtain airbags provided by each of the Autoliv, Nihon Plast, Takata, and Toyoda Gosei

Defendants, have no substantial non-infringing uses and are especially made and or especially adapted so as to be used in automobiles so as to infringe the ’093 Patent.

21. The acts of infringement by the Honda, Autoliv, Nihon Plast, Takata, and Toyoda Gosei Defendants have caused damage to AVS, and AVS is entitled to recover from these Defendants damages sustained by AVS as a result of Defendants’ wrongful acts in an amount subject to proof at trial, which by law can be no less than a reasonable royalty. The infringement of AVS’s exclusive rights under the ’093 Patent by Defendants has damaged and will continue to damage AVS.

22. At least as early as its receipt of this Complaint, Honda has had knowledge of the ’093 Patent and written notice of the infringement. On August 31, 2015, letters were transmitted via Federal Express to the Autoliv, Nihon Plast, Takata, and Toyoda Gosei Defendants. These letters identified the ’093 Patent and the relevance of the ’093 Patent to the side curtain airbags manufactured and sold by each of the Autoliv, Nihon Plast, Takata, and Toyoda Gosei Defendants that are incorporated by automakers into vehicles. Thus, each of the Autoliv, Nihon Plast, Takata, and Toyoda Gosei Defendants have knowledge of the ’093 Patent and notice of infringement. AVS intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages under 35 U.S.C. § 284 and attorneys’ fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## **JURY DEMAND**

23. AVS hereby demands a trial by jury on all issues.

## **PRAYER FOR RELIEF**

WHEREFORE, AVS requests entry of judgment in its favor against Defendants as follows:

a. A declaration that Defendants have infringed and are infringing the’093 Patent;

b. An award of damages to AVS arising out of Defendants' infringement of the'093 Patent, including enhanced damages pursuant to 35 U.S.C. § 284, together with prejudgment and post-judgment interest, in an amount according to proof;

c. An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and,

d. Granting AVS its costs and further relief as the Court may deem just and proper.

DATED: September 3, 2015

STRADLING YOCCA CARLSON & RAUTH, P.C.

By: *<u>/s/ Douglas Q. Hahn</u>*____________
Douglas Q. Hahn

***ATTORNEYS FOR PLAINTIFF AMERICAN VEHICULAR SCIENCES LLC***