**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AMERICAN VEHICULAR SCIENCES LLC,

Plaintiff,

v.

AMERICAN HONDA MOTOR CO., INC., et al.,

Defendants.

Case No. 2:16-cv-11532-SFC-DRG

Hon. Sean F. Cox

Magistrate Judge David R. Grand

**DEMAND FOR JURY TRIAL**

**DEFENDANT NIHON PLAST CO., LTD.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Nihon Plast Co., Ltd. ("Nihon"), by and through its undersigned counsel, hereby answers the First Amended Complaint ("Complaint") filed by American Vehicular Sciences, LLC ("AVS" or "Plaintiff") as follows:

## PARTIES

1. Nihon is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 1 of the Complaint, and therefore denies them.

2. Nihon is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 2 of the Complaint, and therefore denies them.

3. Nihon is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 3 of the Complaint, and therefore denies them.

4. Nihon is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 4 of the Complaint, and therefore denies them.

5. Nihon admits that it is a Japanese company with its principal place of business located at 3507-15 Yamamiya, Fujinomiya-shi, Shizuoka 418-0111, Japan.

6. Nihon admits that Neaton Auto Products Manufacturing Inc. ("Neaton") is an Ohio corporation with its principal place of business located at 975 South Franklin Street, Eaton, Ohio 45320. Nihon also admits that Neaton is a wholly-owned subsidiary of Nihon Plast Co., Ltd.

7. Nihon is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 7 of the Complaint, and therefore denies them.

8. Nihon is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 8 of the Complaint, and therefore denies them.

9. Nihon is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 9 of the Complaint, and therefore denies them.

10. Nihon is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 10 of the Complaint, and therefore denies them.

## JURISDICTION AND VENUE

11. Nihon admits that this action arises under the patent laws of the United States and that the Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 1338(a), but denies that Plaintiff is entitled to any relief thereunder.

12. Nihon is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 12 of the Complaint, and therefore denies them.

13. Nihon is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 13 of the Complaint, and therefore denies them.

14. Nihon denies that the District Court in the Central District of California has specific or general personal jurisdiction over Nihon because Nihon does not conduct business in the Central District of California, or elsewhere in

California, related to the side-curtain airbags at issue. Nihon denies that it has system or continuous contacts with the State of California. Nihon denies the remaining allegations in Paragraph 14 of the Complaint as applied to Nihon. With respect to the remaining allegations in Paragraph 14 of the Complaint as they pertain to the other Defendants, Nihon is without sufficient knowledge or information to form a belief about the truth of these allegations, and therefore denies them.

15. Nihon denies that it could reasonably foresee being brought before a Court in the Central District of California because Nihon does not conduct business in the Central District of California, or elsewhere in California, related to the side-curtain airbags at issue. Nihon denies the remaining allegations in Paragraph 15 of the Complaint as applied to Nihon. With respect to the remaining allegations in Paragraph 15 of the Complaint as they pertain to the other Defendants, Nihon is without sufficient knowledge or information to form a belief about the truth of these allegations, and therefore denies them.

16. Nihon denies that venue is proper in the Central District of California as to Nihon because Nihon does not conduct business in the Central District of California, or elsewhere in California, related to the side-curtain airbags at issue. Nihon denies the remaining allegations in Paragraph 16 of the Complaint as applied to Nihon. With respect to the remaining allegations in Paragraph 16 of the

Complaint as they pertain to the other Defendants, Nihon is without sufficient knowledge or information to form a belief about the truth of these allegations, and therefore denies them.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 9,043,093**

17. Nihon states that the ‘093 Patent is a document which speaks for itself. Otherwise, Nihon is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 17 of the Complaint, and therefore denies them, but denies that Plaintiff is entitled to any relief under the ‘093 Patent.

18. Nihon is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 18 of the Complaint, and therefore denies them.

19. Nihon is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 19 of the Complaint, and therefore denies them.

20. Nihon denies that it has been or is now infringing any claim of the ‘093 Patent. Nihon denies the remaining allegations in Paragraph 20 of the Complaint as applied to Nihon. With respect to the remaining allegations in Paragraph 20 of the Complaint as they pertain to the other Defendants, Nihon is

without sufficient knowledge or information to form a belief about the truth of these allegations, and therefore denies them.

21. Nihon denies that it has been or is now infringing any claim of the '093 Patent. Nihon denies the remaining allegations in Paragraph 21 of the Complaint as applied to Nihon. With respect to the remaining allegations in Paragraph 21 of the Complaint as they pertain to the other Defendants, Nihon is without sufficient knowledge or information to form a belief about the truth of these allegations, and therefore denies them.

22. Nihon admits that it received a letter from counsel for Plaintiff dated August 31, 2015, but denies the remaining allegation in Paragraph 22 of the Complaint as applied to Nihon. With respect to the remaining allegations in Paragraph 22 of the Complaint as they pertain to the other Defendants, Nihon is without sufficient knowledge or information to form a belief about the truth of these allegations, and therefore denies them.

## JURY DEMAND

23. Paragraph 23 of the Complaint does not require a response. To the extent a response is required, Nihon also demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Nihon denies that Plaintiff is entitled to an entry of judgment in its favor, specifically Plaintiff's requests as follows:

a. Nihon denies that AVS is entitled to a declaration that Nihon has infringed or is infringing the ‘093 Patent or any relief whatsoever;

b. Nihon denies that AVS is entitled to an award of damages arising out of any alleged infringement of the ‘093 Patent by Nihon, including enhanced damages pursuant to 35 U.S.C. § 284, with pre-judgment and post-judgment interest in any amount or any other relief whatsoever;

c. Nihon denies that AVS is entitled to an award of attorney’s fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law or any relief whatsoever; and

d. Nihon denies that AVS is entitled to any costs or further relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise have, Nihon asserts the following defenses, affirmative or otherwise:

## FIRST AFFIRMATIVE DEFENSE

### (Non-Infringement of the ‘093 Patent)

1. Nihon has not infringed and does not infringe, either directly, contributorily, or by inducement, any claim of the ‘093 Patent, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity of the '093 Patent)

2. The '093 Patent is invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, or Title 37 Code of Federal Regulations, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

3. Under 35 U.S.C. § 112, the '093 Patent fails to contain a written description for the manner and process of making and using the invention so as to enable a person of ordinary skill in the art to make and use the claimed invention.

4. Under 35 U.S.C. § 112, the claims of the '093 Patent are indefinite and fail to particularly point out and distinctly claim the subject matter of the applicant's invention.

## THIRD AFFIRMATIVE DEFENSE

### (Patent Exhaustion)

5. To the extent that any of Nihon's suppliers or service providers have a license to the '093 Patent, or to the extent that Nihon provides one or more components to a system that contains components that are licensed to or subject to other rights of the '093 Patent, Plaintiff's claims for relief against Nihon are barred or exhausted.

**FOURTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

6. Nihon has engaged in all above activities in good faith, thus precluding Plaintiff, even if it prevails, from recovering attorney's fees and/or costs under 35 U.S.C. § 285.

**FIFTH AFFIRMATIVE DEFENSE**

**(Limitation on Damages)**

7. Plaintiff's claim for damages is barred, in whole or in part, by 35 U.S.C. § 287 at least to the extent that Plaintiff failed to provide notice thereunder.

**SIXTH AFFIRMATIVE DEFENSE**

**(Prosecution History Estoppel)**

8. On information and belief, Plaintiff is estopped from asserting any interpretation of any claim of the '093 Patent contrary to statements and representations made to the United States Patent and Trademark Office, or otherwise under oath.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Estoppel, Waiver, Laches, Unclean Hands)**

9. Plaintiff's claims are barred by the equitable doctrines of estoppel, waiver, laches and unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Jurisdiction and Venue)**

10. Personal jurisdiction does not exist as to Nihon, and venue does not properly lie as to Nihon, in the Eastern District of Michigan on the causes of action attempted to be stated in the Complaint.

## ADDITIONAL AFFIRMATIVE DEFENSES

11. Nihon incorporates by reference the averments contains in paragraphs 1 through 22 of its Answer, and paragraphs 1 through 10 of its Affirmative Defenses above as if the same were set forth fully at length herein.

12. Plaintiff's damages, if any liability is proven, are too remote and speculative to be recoverable.

13. Further answering and pleading in the alternative, to the extent that Plaintiff seeks to recover exemplary or punitive damages in addition to those specifically available under the federal patent statutes, Nihon states that the imposition of punitive or exemplary damages against it in this case would be fundamentally unfair and would violate the Constitution of the United States and the Constitutions of the State of Michigan.

14. The Complaint is nearly devoid of any specific allegations as to the asserted claims of the '093 Patent and to the alleged infringing products. As such, Nihon is unable to assert affirmative defenses to allegations not explicitly presented in the Complaint.

15. Nihon reserves the right to plead further as additional facts and theories are made known through discovery.

16. Nihon reserves the right to assert additional affirmative defenses in the event that discovery or other analysis indicates that additional affirmative defenses are appropriate. Nihon reserves and does not waive any additional defenses that need not be pled as affirmative defenses.

17. All allegations in the Complaint, explicit or implicit, are denied as to the extent those allegations are not expressly admitted herein.

## PRAYER FOR RELIEF

**WHEREFORE,** Nihon prays that the following relief and judgment be granted against the Plaintiff:

A. Dismissing Plaintiff's First Amended Complaint with prejudice;

B. Declaring that Plaintiff recovers nothing from Nihon;

C. Awarding Nihon its full costs (including expert witness fees) and reasonable attorneys' fees; and

D. Granting Nihon such additional and further relief as this Court deems just and proper.

## JURY DEMAND

Defendant Nihon Plast Co., Ltd. hereby demands a trial by jury on all issues so triable as a matter of right.

Dated: May 11, 2016

Respectfully submitted,

s/William H. Oldach III
Vorys, Sater, Seymour and Pease LLP
1909 K Street N.W., Suite 900
Washington, DC 20006
(202) 467-8880 (phone)
(202) 533-9024 (fax)
wholdach@vorys.com

-and-

Catherine T. Dobrowitsky
Rivenoak Law Group, PC
101 W. Big Beaver Rd., Suite 1400
Troy, MI 48084
(248) 677-1045 (phone)
(248) 502-3187 (fax)
ctd@rivenoaklaw.com
P63245

OF COUNSEL:

Michael J. Garvin
Vorys, Sater, Seymour and Pease, LLP
200 Public Square, Suite 1400
Cleveland, OH 44144
(216) 479-6188 (phone)
(216) 937-3410 (fax)
mjgarvin@vorys.com

*Counsel for Defendants*
*Nihon Plast Co., Ltd. and Neaton Auto Products Manufacturing, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2016, I electronically filed the foregoing Notice of Companion Cases with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record via the ECF system, and that a copy has been sent to the following via first-class mail, postage prepaid:

David M. Stein, Esq.
Alston and Bird LLP
333 South Hope Street
16th Floor
Los Angeles, CA 90071

*Counsel for Autoliv, Inc. and*
*Autoliv ASP, Inc.*

s/ William H. Oldach III